[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Joshua Yaden appeals from the judgment of the Hamilton County Court of Common Pleas, sentencing him to serve a four-and-a-half year prison term after he had pleaded guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of ethnic intimidation in violation of R.C. 2927.12(A).[1]
 {¶ 3} In the early morning hours on November 24, 2001, Theodore Jenkins, a middle-aged black man, was walking home from work when a group of white youths attacked him. The group severely beat him with a night stick and stabbed him with a knife. The beating ended when Jenkins was able to wrestle the night stick away from one of his attackers and to defend himself. After Jenkins began swinging at the group, they retreated. As they were running away, one group member threw a bottle at Jenkins and called him a "black nigger." Jenkins walked the remaining four blocks to his home, but was so badly beaten that he passed out at his front door. Hospital records showed that Jenkins had suffered four stab wounds, a lacerated kidney, and a large gash to his head, which required fourteen staples.
 {¶ 4} Yaden, who was subsequently detained by police on another matter, admitted to police that he and his friends had participated in the group beating of a black man and that he had called the man a "nigger." Yaden, a fifteen-year-old, was charged as a juvenile for his participation in Jenkins's attack. On December 13, 2001, the juvenile court conducted a probable-cause hearing. At the hearing, the state presented testimony from Jenkins and an arresting officer, a taped statement from Yaden confessing his involvement in the beating, and numerous exhibits. At the conclusion of the hearing, the juvenile court found that probable cause existed to believe that Yaden had committed felonious assault and ethnic intimidation and continued the proceedings for investigation. The juvenile court also ordered Yaden to submit to a mental examination. On December 19, 2001, the juvenile court conducted an amenability hearing. At the close of the hearing, the juvenile court relinquished its jurisdiction and transferred Yaden to the general division of the Hamilton County Court of Common Pleas for prosecution as an adult.
 {¶ 5} On January 11, 2002, Yaden was indicted on two counts of felonious assault and on one count of ethnic intimidation. Yaden pleaded guilty to one count of felonious assault and one count of ethnic intimidation. The trial court sentenced Yaden to four years in prison on the felonious-assault count and to six months in prison on the ethnic-intimidation count. The court ordered the sentences to run consecutively.
 {¶ 6} In his sole assignment of error, Yaden now contends that the juvenile court abused its discretion when it transferred jurisdiction over his case to the general division of the common pleas court. Specifically, Yaden argues that the juvenile court abused its discretion when it determined that he was not amenable to care or rehabilitation in the juvenile-justice system. Yaden contends that because he was only fifteen years old at the time of the alleged offenses and because the juvenile court acknowledged that it could detain him until the age of twenty-one, there was no rational basis for the juvenile court's decision to transfer his case.
 {¶ 7} The Ohio Supreme Court has held that a juvenile court's determination that a juvenile is not be amenable to rehabilitation must be made upon the totality of the evidence.[2] In this case, we do not have all the evidence before us. Although we have a transcript of the proceedings, we do not have any of the exhibits that the juvenile court considered during the bind-over hearing. Furthermore, our review of the transcript reveals that the trial court relied upon these exhibits in determining to relinquish jurisdiction over Yaden.
 {¶ 8} Under App.R. 9 and 10(A), Yaden has the burden to provide this court with a complete record for review, including all exhibits, journal entries, transcripts, and other allowable documents. When portions of the record necessary for resolution of assigned errors are omitted from the record, we have no choice but to presume the validity of the trial court's proceedings.[3] As a result, we overrule Yaden's sole assignment of error and affirm the judgment of the trial court.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] In exchange for Yaden's willingness to enter guilty pleas to one count of felonious assault and the count of ethnic intimidation, the state dismissed a second count of felonious assault.
[2] See State v. Watson, supra.
[3] See State v. Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937,783 N.E.2d 903, at ¶ 21; State v. Israel (Sept. 26, 1997), 1st. Dist. No. C-961006.